O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    JS - 6

Vacating Hrg set 10/17- Doc. #23

| Case No. | CV 11-5179 PSG (PLAx) | Date | September 28, 2011 |
|---|---|---|---|

| Title | Jason Salmonson v. Euromarket Designs, Inc., *et al.* |
|---|---|

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                               Not Present

**Proceedings:**     **(In Chambers) Order GRANTING Plaintiff's Motion to Remand and DENYING Plaintiff's Request for Attorneys' Fees and Costs**

     Before the Court are Plaintiff's motion to remand and request for attorneys' fees and costs. The Court finds the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion and request, the Court GRANTS the motion to remand and DENIES the request for attorneys' fees and costs.

I.    Background

     On February 14, 2011, Plaintiff Jason Salmonson ("Plaintiff") filed this class action in California state court against Defendant Euromarket Designs, Inc. d/b/a Crate & Barrel ("Crate & Barrel"), asserting one cause of action for violation of the Song-Beverly Credit Card Act, *Cal. Civ. Code* § 1747.08. *Notice of Removal* [Dkt # 1] 2:16-21. On February 16, Plaintiff served Crate & Barrel with the summons and complaint, and on March 23—i.e., thirty-five days after service of the complaint—Crate & Barrel removed the action to this Court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). *See id.* at 4:15-5:13. Crate & Barrel contended that the removal was timely because it was not evident from the face of the complaint that the case was removable and Crate & Barrel did not discover that the case was removable until it examined its own records on March 22. *See id.*

     On April 1, Plaintiff moved to remand the case to state court. *Id.* at 5:15-16. In doing so, Plaintiff conceded that this Court had subject matter jurisdiction under CAFA, but challenged removal on the grounds that it was improper and untimely. *See id.* at 5:15-25.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS - 6

Vacating Hrg set 10/17- Doc. #23

| Case No. | CV 11-5179 PSG (PLAx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | Jason Salmonson v. Euromarket Designs, Inc., *et al.* | | |

    On June 9, the Court granted Plaintiff's motion to remand. *Salmonson v. Euromarket Designs, Inc., et al.,* Case No. CV 11-2446 PSG (PLAx) (C.D. Cal. 2011), Dkt # 26. The Court noted that under 28 U.S.C. § 1446(b), the statute governing removal procedure, there are two time periods during which a case may be removed:

> first, a thirty-day window triggered by receipt of the initial pleading or summons "if the case [stated] by the initial pleading is removable *on its face,*" *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added), and second, a thirty-day window triggered by receipt of "a copy of an amended pleading, motion, order or other paper" from which removability may be first ascertained, *if* the initial pleading does not indicate, on its face, that the case is removable, 28 U.S.C. § 1446(b).

*Id.* at 3. The Court found that removability was not ascertainable from the face of the complaint, and thus § 1446(b)'s first thirty-day window never opened. *See id.* at 5-6. (And even if removability had been ascertainable from the face of the complaint, the Court noted, Defendant had not removed within thirty days of service of the complaint, and thus removal was untimely. *Id.* at 6 n. 3.) The Court also found that Crate & Barrel had never been served with any "amended pleading, motion, order or other paper" that would trigger the opening of § 1446(b)'s second thirty-day window. *See id.* at 9. Thus, the Court concluded, "at the time the case was removed, it was not removable." *Id.* at 3.

    Twelve days after the Court remanded the case, however, Crate & Barrel removed it again. Crate & Barrel contended that removal was now timely and proper because Plaintiff's April 1 motion to remand triggered § 1446(b)'s second thirty-day removal period, which was then tolled until the Court ruled on the motion. *See Notice of Removal* 4:3-13.

    Plaintiff has now filed a second motion to remand and a request for attorneys' fees and costs.

II.    <u>Legal Standard</u>

    In a motion to remand, the removing party carries the burden of proving that removal is proper. *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006); *United Computer Systems v. AT & T Corp.,* 298 F.3d 756, 763 (9th Cir. 2002). The district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. 28 U.S.C § 1447(c). Remand is also proper where there is a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6

Vacating Hrg set 10/17- Doc. #23

| Case No. | CV 11-5179 PSG (PLAx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | Jason Salmonson v. Euromarket Designs, Inc., *et al.* | | |

timely objection to an untimely notice of removal. *See Babasa v. LensCrafters, Inc.,* 498 F.3d 972, 974 (9th Cir. 2007); *Fristoe v. Reynolds Metal Co.,* 615 F.2d 1209, 1212 (9th Cir. 1980) (noting that the time limit for removal "is mandatory and a timely objection to a late petition will defeat removal").

III.   Discussion

At issue on this motion is the second thirty-day removal period set forth under 28 U.S.C. § 1446(b):

> [i]f a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*See* 28 U.S.C. § 1146(b).

Crate & Barrel contends that the case has now been properly removed within this thirty-day window. It argues that the window was opened on April 1 by Plaintiff's first motion to remand, because in that motion Plaintiff conceded that the Court has CAFA jurisdiction over the case. *See Notice of Removal* 5:15-25. The thirty-day period was then tolled, according to Crate & Barrel, until June 9, when the Court issued its order granting Plaintiff's motion and remanding the case to state court. *See id.* at 7:22-26. Thus, Crate & Barrel argues, its removal of the case on June 21 fell within § 1446(b)'s second thirty-day removal period. *See id.*

Against Crate & Barrel's position, Plaintiff makes two arguments. First, Plaintiff argues that, as a matter of law in the Ninth Circuit, his first motion to remand could not have triggered § 1446(b)'s second thirty-day removal period because the motion was filed in federal court, rather than state court. *See Motion* 5:17-8:8. Second, Plaintiff argues that, even assuming his motion to remand did trigger the second removal period, there is simply no authority for Crate & Barrel's contention that the period was tolled while the motion was pending. *See id.* at 8:8-20. The Court is persuaded by Plaintiff's first argument, and need not address his second.

While Crate & Barrel purports to cite Ninth Circuit authority indicating, at least implicitly, that a paper filed in federal court may trigger § 1446(b)'s second thirty-day removal period, *see Opp.* 6:5-20 (citing *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376 (9th

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      JS - 6

Vacating Hrg set 10/17- Doc. #23

| Case No. | CV 11-5179 PSG (PLAx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | Jason Salmonson v. Euromarket Designs, Inc., *et al.* | | |

Cir. 1997) (holding that where state law prohibited plaintiff from stating amount in controversy in complaint, district judge has discretion to accept admission by plaintiff on motion to remand as establishing amount in controversy)), the Court observes that the Ninth Circuit has spoken most explicitly on the subject in *Peabody v. Maud Van Cortland Hill Schroll Trust,* 892 F.2d 772 (9th Cir. 1989). In *Peabody*, the Ninth Circuit concluded that a motion for summary judgment filed in federal court did not open § 1446(b)'s second thirty-day removal window because the motion was filed in federal court, rather than in state court. *See Peabody,* 892 F.2d at 775. As the Ninth Circuit explained, "The record of the state court is considered the sole source from which to ascertain whether a case originally not removable has since become removable." *Id.* (internal quotations omitted); *see also Rossetto v. Oaktree Capital Management, LLC,* 664 F. Supp. 2d 1122, 1129-30 (D. Haw. 2009) ("Plaintiff's Motion for Remand does not provide the grounds for removal because the motion was filed in *federal* court. As indicated in *Peabody*, a motion in federal court cannot trigger a right to remove to federal court.") (emphasis in original).

Because Plaintiff's April 1 motion to remand was filed in federal court, the Court concludes that it did not trigger § 1446(b)'s second thirty-day removal period. *See Peabody,* 892 F.2d at 775; *Rossetto,* 664 F. Supp. 2d at 1129-30. Crate & Barrel has thus, again, removed this case before it was removable. *See Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005) (indicating that a case "not removable" based on the complaint is not "rendered removable" until a paper is filed that puts "the second thirty-day window . . . in play"). Accordingly, remand is proper. *See Babasa,* 498 F.3d at 974; *Fristoe,* 615 F.2d at 1212.

In addition to an order remanding the case to state court, Plaintiff seeks attorneys' fees and costs under 28 U.S.C. § 1447(c). A court may, in its discretion, award attorneys' fees incurred in successfully remanding a case removed to federal court. *Dall v. Albertson's Inc.,* 349 Fed. Appx. 158, 158 (9th Cir. 2009). "Absent unusual circumstances," however, a fee award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Court cannot conclude that Crate & Barrel "lacked an objectively reasonable basis for seeking removal" in this case. Consequently, the Court denies Plaintiff's request for attorneys' fees and costs.

IV.   Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand this case to state court and DENIES Plaintiff's request for attorneys' fees and costs.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6

Vacating Hrg set 10/17- Doc. #23

| Case No. | CV 11-5179 PSG (PLAx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | Jason Salmonson v. Euromarket Designs, Inc., *et al.* | | |

**IT IS SO ORDERED.**